Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
## for the
### Middle District of Florida
### Tampa Division

Jonathan Gomez

Plaintiff(s)
(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

-v-

A-1 Recovery, Inc.;
Aaron S. Watkins

Defendant(s)
(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

Case No. 8:26-cv-238-JLB-TGW
(to be filled in by the Clerk's Office)

Jury Trial: (check one)  ☐ Yes  ☒ No

JAN 28 2026 AM 9:27
FILED - USDC - FLMD - TPA

## COMPLAINT FOR A CIVIL CASE

I. **The Parties to This Complaint**

   A. **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   | | |
   |---|---|
   | Name | Jonathan Gomez |
   | Street Address | 616 Argyll Dr |
   | City and County | Spring Hill, Hernando |
   | State and Zip Code | FL 34609 |
   | Telephone Number | (813)270-8158 |
   | E-mail Address | joni3092@gmail.com |

   B. **The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.



Page 1 of 5

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1
    Name                                A-1 RECOVERY, INC
    Job or Title *(if known)*
    Street Address                  6124 Siesta Ln
    City and County               Port Richey, Pasco County
    State and Zip Code          FL 34668
    Telephone Number         (727)536-5600
    E-mail Address *(if known)*

Defendant No. 2
    Name                                Aaron S. Watkins
    Job or Title *(if known)*          CEO
    Street Address                  6124 Siesta Ln
    City and County               Port Richey, Pasco County
    State and Zip Code          FL 34668
    Telephone Number         (727)536-5600
    E-mail Address *(if known)*

Defendant No. 3
    Name
    Job or Title *(if known)*
    Street Address
    City and County
    State and Zip Code
    Telephone Number
    E-mail Address *(if known)*

Defendant No. 4
    Name
    Job or Title *(if known)*
    Street Address
    City and County
    State and Zip Code
    Telephone Number
    E-mail Address *(if known)*

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal question         ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

Fair Debt Collection Practices Act, Fair Credit Reporting Act, U.S. Const. Amend. IV, and U.S. Const. Amend. V

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

   a. If the plaintiff is an individual

   The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

   b. If the plaintiff is a corporation

   The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____ and has its principal place of business in the State of *(name)* _____.

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

   a. If the defendant is an individual

   The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

      b.    If the defendant is a corporation

           The defendant, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

           Or is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

On December 10, 2025 Defendants unlawfully repossessed Plaintiff's personal property without a court order. In the process, Defendants breached the peace, alarming surrounding residents and prompted nearby residents to record the incident. This public event caused Plaintiff significant humilation, emotional distress, and reputational damage that cannot be fully repaired. Plaintiff later sent letters to Defendants on December 15, 2025, and December 17, 2025, seeking an amicable resolution, which Defendants received but did not satisfactorily address. (See Attached Complaint and Exhibits labeled A - F.)

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

$55,000 in actual damages, $10,000 in statutory damages under FDCPA, and FCRA, $40,000 in punitive damages for Constitutional violations, equitable relief in the form of ordering the return of illegally seized property, and any other relief the court deems just and proper. (See attached Complaint & Exhibits labeled A through F)

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 01/28/2026

Signature of Plaintiff

Printed Name of Plaintiff    Jonathan Gomez

### B. For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# (TAMPA DIVISION)

| | | |
|---|---|---|
| Jonathan Gomez, | ) | |
| Plaintiff, | ) | Case No. 8:26-cv-238-JLB-TGW |
| | ) | |
| v. | ) | COMPLAINT |
| | ) | |
| A-1 RECOVERY, INC.; | ) | |
| Aaron S. Watkins, | ) | |
| | ) | |
| | ) | |
| Defendants, | ) | |

JAN 28 2026 AM 9:27
FILED - USDC - FLMD - TPA

## INTRODUCTION

I, Jonathan Gomez (plaintiff) bring this action against defendants A-1 RECOVERY, INC. and Aaron S. Watkins (hereinafter all defendants referred to collectively as "Defendants") for violations of §§ 1692d(1), 1692d(2), 1692e(1), 1692e(6)(B), 1692e(14), and 1692f(6)(A) of the Fair Debt Collection Practices Act (FDCPA), violations of §§ 1681b(a)(1), 1681b(a)(2), and 1681q of the Fair Credit Reporting Act (FCRA), violation of U.S. Const. Amend. IV, and violation of U.S. Const. Amend. V. and alleges as follows:

## JURISDICTION AND VENUE

1. This court has subject-matter jurisdiction over this action because it is brought under a federal question, 28 U.S.C. § 1331

2. Venue is proper because Defendants are located and do business here, 28 U.S.C. § 1391(b)(1)

## PARTIES

3. Plaintiff is a federally protected consumer / natural person.

4. Defendant A-1 RECOVERY, INC. is a repossession company located at 6124 Siesta Ln Port Richey, FL 34668.

5. Defendant Aaron S. Watkins is registered as the CEO for A-1 RECOVERY, INC.

## STATEMENT OF FACTS

6. Plaintiff is a natural person as defined under the FDCPA 15 U.S.C. § 1692a(3)

7. Defendant A-1 RECOVERY, INC is a debt collector as defined under 15 U.S.C. § 1692a(6) of the FDCPA as they are in the regular practice of collecting, or attempting to collect debts.

8. Defendant Aaron S. Watkins is registered as the CEO of A-1 RECOVERY, INC. and is responsible for the actions of A-1 RECOVERY, INC.

9. On 12/10/2025 at approximately 12:00am plaintiff's property was illegally seized after Defendants scanned plaintiff's plate / credit card as defined under 15 U.S.C§ 1681a(r)(2) without any consent from plaintiff and with no permissible purpose to gather information on plaintiff.

10. Plaintiff's property was illegally seized at plaintiff's home address: 616 Argyll Dr, Spring Hill FL 34609.

11. At the time of the seizure and as of the time of the writing of this complaint there was not and is not any court order granting the taking of plaintiff's property.

12. On 12/10/2025 an agent / employee of A-1 RECOVERY INC. breached the peace inciting a scene after illegally seizing plaintiff's personal property causing damage to

plaintiff's lawn and alarming surrounding residents and prompted nearby residents to record the incident. Plaintiff is now in receipt of one of the beforementioned videos.

13. In this age of technology there is no measure to how far those videos have now spread across the internet subjecting plaintiff and plaintiff's family to irreparable humiliation and damage to reputation.

14. A-1 RECOVERY INC. is not licensed or registered with the Florida Department of Agriculture and Consumer Services (FDACS). Repossession's demand separate state licensing beyond federal DOT registration, currently A-1 RECOVERY INC. is non-compliant.

15. Although Defendants are debt collectors, they do not carry a license to collect debts.

16. Plaintiff has reached out via priority mail with signatures required to Defendants on several occasions in order to amicably resolve this matter on 12/15/2025 and 12/17/2025 to no avail. (See Exhibits labeled A through F)

## **FDCPA VIOLATIONS**

17. The FDCPA prohibits and seeks to eliminate abusive, deceptive, and unfair debt collections practices by debt collectors. 15 U.S.C. § 1692

18. Defendants are "debt collectors" under the Act because their principal purpose is the collection or attempted collection of debts. 15 U.S.C. § 1692a(6)

## COUNT I

## ABUSIVE PRACTICES

20. Plaintiff realleges and incorporates by reference paragraphs 1-17.

21. An act, or practice, or conduct is abusive under the FDCPA if the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. 15 U.S.C. § 1692d

22. Defendants practice of illegally seizing plaintiff's property and damaging plaintiff's property and reputation in the act is a violation of 15 U.S.C. § 1692d(1)

## COUNT II

## ABUSIVE PRACTICES

23. Plaintiff realleges and incorporates by reference paragraphs 1-17.

24. An act, or practice, or conduct is abusive under the FDCPA if the natural consequence of which is to harass, oppress, or abuse any person in the connection with the collection of a debt. 15 U.S.C § 1692d

25. Defendants action of claiming to have a right to repossess plaintiff's property is obscene and profane when no such present right exists and is intended as a form of abuse which is a violation of 15 U.S.C. § 1692d(2).

## COUNT III
## DECEPTIVE PRACTICES

26. Plaintiff realleges and incorporates by reference paragraphs 1-17.

27. The FDCPA prohibits any debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e

28. Defendants falsely represent or imply that they are vouched for, bonded by, or affiliated with the State of Florida by not having an active license with the Florida Department of Agriculture and Consumer Services (FDACS), in violation of 15 U.S.C. § 1692e(1) of the Fair Debt Collection Practices Act (FDCPA).

## COUNT IV DECEPTIVE PRACTICES

29. Plaintiff realleges and incorporates by reference paragraphs 1-17.

30. The FDCPA prohibits any debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e.

31. Defendants implications that the referral of the debt for collection by defendants has left the plaintiff subject to prohibited practices such as the "repossession" itself is a violation of 15 U.S.C. § 1692e(6)(B).

## COUNT V
## DECEPTIVE PRACTICES

32. Plaintiff realleges and incorporates by reference paragraphs 1-17.

33. The FDCPA prohibits any debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e

34. Defendants practice of intentionally not using the true name of their business as a way to hide their identity while illegally seizing property is a clear violation of 15 U.S.C. § 1692e(14)

## COUNT VI
## UNFAIR PRACTICES

35. Plaintiff realleges and incorporates by reference paragraphs 1-17

36. The FDCPA prohibits a debt collector from using any unfair or unconscionable means in the collection of any debt. 15 U.S.C. § 1692f

37. Defendants took a nonjudicial action of dispossession against plaintiff with no right to possession of plaintiff's property and violated 15 U.S.C. § 1692f(6)(A)

# FCRA VIOLATIONS

38. It is the purpose of the FCRA to require reasonable procedures to ensure that consumer reporting agencies exercise their grave responsibility in a manner that is fair and equitable to the consumer with regards to confidentiality and proper utilization of such information in accordance with the requirements of that subchapter. 15 U.S.C. § 1681.

39. Defendants are a "person" under the Act because A-1 RECOVERY INC. is a corporation and Aaron S. Watkins is an individual 15 U.S.C. § 1681a(b).

# COUNT VII
# LACK OF PERMISSIBLE PURPOSE

40. Plaintiff realleges and incorporates by reference paragraphs 1-17.

41. Under the FCRA a consumer reporting agency shall only furnish a consumer report with proper permissible purpose. 15 U.S.C. § 1681b.

42. Defendants were not in possession of an order from a court having jurisdiction to issue such an order to grant them permissible purpose to obtain a consumer report on plaintiff which is in violation of 15 U.S.C. $ 1681b(a)(1)

# COUNT VIII
# LACK OF PERMISSIBLE PURPOSE

43. Plaintiff realleges and incorporates by reference paragraphs 1-17.

44. Under the FCRA a consumer reporting agency shall only furnish a consumer report with proper permissible purpose. 15 U.S.C. § 1681b

45. Defendants had absolutely no direct consent from plaintiff to acquire any information about plaintiff from their consumer report, so Defendants had no permissible purpose and are in violation of 15 U.S.C. § 1681b(a)(2).

## COUNT IX
## FALSE PRETENSES

46. Plaintiff realleges and incorporates by reference paragraphs 1-17.

47. Under the FCRA any person who knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses shall be fined under title 18, imprisoned for not more than 2 years, or both. 15 U.S.C. § 1681q.

48. Defendants regular practice of knowingly and willfully obtaining information on consumers from consumer reporting agencies without any certification as to the specific reason falls under false pretenses and is a direct violation of 15 U.S.C. § 1681q.

## CONSTITUIONAL VIOLATIONS

49. The United States Constitution's Bill of Rights was passed to guarantee civil rights and liberties to the individual such as due process of law and reserves all powers not delegated to the Federal government to the people or the states.

50. The Bill of Rights affords plaintiff certain protections and guarantees that were disregarded in this matter and are as follows:

## COUNT X
## UNLAWFUL SEIZURE

51. Plaintiff realleges and incorporates by reference paragraphs 1-17.

52. The U.S. Const. Amend. IV affords the right of the people to be secure in their persons, houses, and effects, and protections against unreasonable searches and seizures shall not be

violated. Except by warrants that are supported by oath or affirmation and particularly describing the property to be seized.

53. Defendants unlawfully seized plaintiff's property without a proper court order supported by oath and/ or describing the property to be seized therefore unlawfully depriving plaintiff of their Fourth amendment right to be secure in plaintiff's own property.

## COUNT XI
## DISREGARD OF DUE PROCESS

54. Plaintiff realleges and incorporates by reference paragraphs 1-17.

55. The U.S Const. Amend. V affords the right that no person shall be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

56. Defendants actions have deprived plaintiff of their property without any due process of law leaving plaintiff without the freedom to enjoy said property.

## PRAYER FOR RELIEF

Plaintiff thus requests that the court:

a. Permenantly enjoin Defendants from committing future violations of the FDCPA and FCRA

b. Impose monetary relief in the amount of $6,000 usd against Defendants for statutory damages under the FDCPA 15 U.S.C. § 1692k(a)(2)(A)

c. Impose monetary relief in the amount of $4,000 usd against Defendants for statutory damages under the FCRA 15 U.S.C. §§ 1681n(a)(1)(A)

d. Impose monetary relief in the amount of $55,000 usd for actual damages for the value of plaintiff's property due to FDCPA, FCRA, and Constitutional violations 15 U.S.C. §§ 1692k(a)(1), 1681n(a)(1)(A)

e. Impose equitable relief by ordering Defendants to return property to plaintiff.

f. Impose punitive damages in the amount of $40,000 usd for mental anguish, and irreparable damage to reputation and constitutional violaitons.

g. Sentence Aaron S. Watkins for not more than 2 years in accordance with 15 U.S.C. § 1681q

h. Award additional relief as the Court may deem just and proper.

Respectfully Submitted,

Jonathan Gomez

Pro-se Litigant / Plaintiff