UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JONATHAN GOMEZ,
      Plaintiff,

v.                                Case No. 8:26-cv-238-JLB-TGW

A-1 RECOVERY, INC.,
AARON S. WATKINS,
      Defendants.

_____

## REPORT AND RECOMMENDATION

The plaintiff filed an affidavit of indigency pursuant to 28 U.S.C. §1915 (Doc. 2), seeking a waiver of the filing fee for his lawsuit alleging that the defendants unlawfully repossessed his vehicle in violation of the Fair Debt Collection Practices Act (FDCPA), the Fair Credit Reporting Act (FCRA), and his rights under the Fourth and Fifth Amendments to the United States Constitution (Doc. 1, pp. 3, 4). Because the complaint does not state an actionable claim, I recommend that it be dismissed with leave to file an amended complaint as to Count VI of the complaint.

I.

Under 28 U.S.C. §1915(a)(1), the court may authorize the filing of a civil lawsuit without prepayment of fees if the plaintiff submits an

affidavit that includes a statement of all assets showing an inability to pay the filing fee and a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigency, the case shall be dismissed if the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(i), (ii).

In order to state a claim, a complaint must allege facts from which the court may "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, the plaintiff's obligation to show he is entitled to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Although the court liberally construes pro se complaints, Tannenbaum v. U.S., 148 U.S. 1262, 1263 (11th Cir. 1998), this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014).

## II.

This lawsuit arises from defendant A-1 Recovery's alleged unlawful repossession of the plaintiff's passenger truck (the vehicle) (Doc.

1, p. 4). A-1 Recovery, Inc., is a repossession company located in Port Richey, Florida, and defendant Aaron Watkins is its Chief Executive Officer (id., p. 7).

The plaintiff alleges that, at midnight on December 10, 2025, A-1 Recovery illegally seized his vehicle at his residence (id., p. 7). It appears that the plaintiff financed the vehicle through Trax Credit Union, he had a loan balance, and Trax Credit Union hired A-1 Recovery to repossess the vehicle (see Doc. 1-1, p. 1).[1]

The plaintiff states that A-1 Recovery did not have a court order permitting the taking of his property, and that A-1 Recovery breached the peace when repossessing the vehicle by "inciting a scene" among the neighbors and damaging his lawn (Doc. 1, pp. 7-8).

The plaintiff argues that the defendants' actions violated multiple sections of the FDCPA and the FCRA, and his rights under the Fourth and Fifth Amendments to the United States Constitution (id., p. 3). He seeks actual damages, and compensatory damages for humiliation, emotional distress, and reputational damage (id., pp. 4-5).

---

[1] This information is gleaned from a "Cease and Desist" letter the plaintiff sent to the defendants, which was attached as an exhibit to the complaint. The letter does not expressly state that the plaintiff defaulted on the loan, nor is the loan agreement attached to the complaint.

3

III.

The Fair Debt Collection Practices Act was enacted "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692. The plaintiff alleges in Counts I-VI of the complaint violations of 15 U.S.C. §§ 1692d, 1692e and 1692f of the FDCPA (Doc. 1, pp. 9-10).

To state a claim under the FDCPA, the plaintiff must allege that: (1) he was the object of a debt-collection activity arising from consumer debt; (2) the defendant qualifies as a "debt collector" as defined by 15 U.S.C. § 1692a; and (3) the defendant engaged in an act or omission prohibited by the FDCPA. Ledwitz v. Naderpour & Assocs., PA, 544 F. Supp. 3d 1305, 1308 (S.D. Fla. 2021).

The FDCPA defines a "debt collector" as any person "(1) 'who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts,' or (2) 'who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.' " Anderman v. JP Morgan Chase Bank, Nat'l Ass'n, 803 Fed. Appx. 290, 292-93 (11th Cir. 2020) (quoting 15 U.S.C. § 1692a(6)).

Courts have uniformly held that, except for a violation of §1692f, a repossession company does not fall within FDCPA's definition of

4

a debt collector.  See Piper v. Portnoff Law Assocs., Ltd., 396 F.3d 227, 236 (3d Cir. 2005); Montgomery v. Huntington Bank, 346 F.3d 693, 699 (6th Cir. 2003); cf. Warren v. Countrywide Home Loans, Inc., 342 Fed. Appx. 458, 460 (11th Cir. 2009) ([T]he plain language of the FDCPA supports the conclusion that foreclosing on a security interest is not debt collection activity for purposes of § 1692g.").  As the Piper court reasoned, "there are people who engage in the business of repossessing property, whose business does not primarily involve communicating with debtors in an effort to secure payment of debts." 396 F.3d at 236.

Therefore, Counts I-V of the complaint, which allege violations of §§1692d and 1692e, are frivolous because A-1 Recovery is not a "debt collector" under these provisions of the FDCPA.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (An action is frivolous when a complaint lacks an arguable basis either in law or in fact.).

The plaintiff alleges in Count VI of the complaint that A-1 Recovery's actions violated 15 U.S.C. §1692(f)(6)(A) of the FDCPA.  A debt collector under §1692(f) is defined more expansively, and includes repossession companies. Specifically, "for the purpose of section 1692(f) … [debt collector] includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of

5

which is the enforcement of security interests," 15 U.S.C. §1692a, and a repossession company is an enforcer of security interests. See Obduskey v. McCarthy & Holthus LLP, 586 U.S. 466, 477 (2019); Nadalin v. Auto Recovery Bureau, Inc., 169 F.3d 1084, 1085 (7th Cir. 1999) (A company that repossesses motor vehicles as an agent of creditors who have a security interest was a "debt collector" for the purpose of section 1692f(6) of the FDCPA).

Nonetheless, the plaintiff's claim that the defendants violated section 1692f(6)(A) fails because he has not alleged facts to show that each element of this cause of action is satisfied. See Rivell v. Priv. Health Care Sys., Inc., 520 F.3d 1308, 1309 (11th Cir. 2008).

Section 1692f(6)(A) provides that an enforcer of a security interest violates the FDCPA by: "Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if—there is no present right to possession of the property claimed as collateral through an enforceable security interest...." The plaintiff has not pled facts from which it can plausibly be inferred that A-1 Recovery had no right to possess the vehicle as collateral through an enforceable security interest. Rather, the plaintiff parrots the statute, alleging that the defendants violated §1692f(6)(A) "by taking a nonjudicial action of dispossession against

6

plaintiff with no right to possession of plaintiff's property" (Doc. 1, p. 10). This conclusory allegation is insufficient. The plaintiff's obligation to show that he is entitled to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Therefore, it is appropriate to dismiss Count VI of the complaint for failure to state a claim.

Finally, the plaintiff alleges in his Statement of Facts that A-1 Recovery "breached the peace" and "incit[ed] a scene" after repossessing the vehicle (Doc. 1, p. 7, ¶12). Some courts have held that a repossession company may lose the "present right to repossess" a vehicle under 15 U.S.C. § 1692(f)(6)(A) when the repossession company violates the state self-help law. See McClain v. Rapid Recovery Agency, Inc., No. 24-60093-CIV, 2025 WL 1754487, at *2 (S.D. Fla. May 8, 2025); Wright v. Santander Consumer USA, Inc., No. 6:18-cv-263-ORL-22-KRS, 2018 WL 2095171 at *4 (M.D. Fla. May 1, 2018).

U.S. District Judge Anne C. Conway summarized these principles in Wright v. Santander Consumer USA, Inc.:

> Under Florida's self-help repossession statute, a repossession agency can only repossess collateral "if it proceeds without breach of the peace." Fla. Stat. § 679.609(2)(b). Therefore, if a repossession agency breaches the peace during a self-help

> repossession, then it loses its right to present possession of the collateral. ...
>
> Under Florida law, "[t]he test to determine whether a breach of the peace has occurred is whether there was entry by the creditor upon the debtor's premises; and whether the debtor or one acting on his behalf consented to the entry and possession." In re 53 Foot Trawler Pegasus, No. 608-CV-117-ORL-18DAB, 2008 WL 4938345, at *4 (M.D. Fla. Nov. 18, 2008) (citations omitted).

The Florida Supreme Court has clarified that, "in general, the creditor ... can probably take a car from the debtor's driveway without incurring liability...." Northside Motors of Fla., Inc. v. Brinkley, 282 So. 2d 617, 624 (Fla. 1973).

The plaintiff has not properly pled this claim. There is no count in the complaint alleging a violation of §15 U.S.C. § 1692(f)(6)(A) based on a breach of the peace, nor has the plaintiff alleged sufficient facts from which such a claim may be plausibly inferred. See Ashcroft v. Iqbal, supra, 556 U.S. at 678.

In sum, Counts I-V of the Complaint, alleging violations of §§ 15 U.S.C. §§ 1692d and 1692e of the FDCPA, should be dismissed with prejudice because they are frivolous. Count VI of the Complaint, which alleges the violation of 15 U.S.C. §1692(f)(6)(A), is appropriately dismissed without prejudice for failure to state a claim.

8

IV.

The plaintiff alleges in Counts VII-IX of his complaint that the defendants violated sections 15 U.S.C. 1681b(a)(1), 1681b(a)(2), and 1681q of the FCRA (Doc. 1, pp. 11-12). The plaintiff alleges, in a conclusory manner, that the defendants obtained his consumer report without his consent and without a permissible purpose (id., p. 11). These claims are frivolous.

Sections 1681b(a)(1) and (a)(2) specify the circumstances under which a "consumer reporting agency" may "furnish a consumer report." The defendants are not consumer reporting agencies, nor do they furnish consumer reports. Section 1681q is also inapplicable because it is a criminal penalties provision.

Therefore, I recommend that the FCRA claims be dismissed with prejudice.

V.

Finally, the plaintiff alleges under Counts X and XI of the complaint that the defendants violated his Fourth and Fifth Amendment rights under the U.S. Constitution when they repossessed his vehicle.

The Fourth and Fifth Amendments protect an individual against actions taken by the government. Liability is imposed on one who, under color of state law, deprives a person "of any rights, privileges, or immunities

9

secured by the Constitution and laws." 42 U.S.C. § 1983; see Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998) (The deprivation must have occurred under color of state law.). Here, the defendants are private actors and, therefore, they cannot be found liable for constitutional violations. See Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful."). Therefore, these claims are frivolous.

## IV.

In sum, construing the plaintiff's complaint liberally, Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), the plaintiff has failed to state a claim upon which relief may be granted. Accordingly, the complaint should be dismissed. See 28 U.S.C. 1915(e)(2)(B)(ii).

Specifically, I recommend that Counts I, II, III, IV, V, VII, VIII, IX and X be dismissed with prejudice because they are frivolous. See Nezbeda v. Liberty Mut. Ins. Corp., 789 Fed. Appx. 180, 183 (11th Cir. 2019) (The district court may dismiss a plaintiff's claims sua sponte— without requiring or permitting the plaintiff to amend—if it concludes that the claims are frivolous.).

10

Count VI, which fails to state a claim, is properly dismissed without prejudice to allow the plaintiff an opportunity to file an amended complaint if he can plead facts which support that claim. See Brown v. Johnson, 387 F.3d 1344, 1348 (11th Cir. 2004) ("Section 1915(e)(2)(B)(ii) does not allow the district court to dismiss an in forma pauperis complaint without allowing leave to amend when required by Fed.R.Civ.P. 15.").

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: APRIL 3___, 2026.

## NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. 636(b)(1)(C). Under 28 U.S.C. 636(b)(1), a party's failure to object to this report's proposed findings and recommendations waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions.

11